Arguments not to exceed 15 minutes per side. Mr. Anderson for appellant. You may proceed. Can you tell me, I'm sorry, how much time did you reserve? Five minutes, Your Honor. Okay. You may proceed. I'm sorry. Thank you. Howard Anderson on behalf of Mark Deakins. As Your Honors know from the briefs, we got several issues in the case. Just to briefly orient ourselves, first we got the statute of limitations on the Mann Act claim. Then there are some pleading challenges to counts one, two, and three. Then there's a sufficiency argument as to all of the counts. Count four is not really in dispute between the parties. That's just what happens if you find that the one basis was good but the other basis was bad. And the government and I seem to be in agreement on that. And then the fifth issue is about the two strikes provision under 3551E. And so what does that mean? And so I'll be happy to go in any order. Otherwise, I'll just start with number one. That's fine. Thank you, Judge. So for the statute of limitations issue, as the briefs made clear, our disagreement is whether it's, I guess, facts and circumstances or whether it's categorical. In my view, the Novec case involves a very similar language using the word involving, and that's what we're talking about here. According to the government, involving is a capacious term, et cetera, et cetera. But the Supreme Court in Novec read involving as requiring that perjury. It asked for the perjury was an element for fraud. So the Novec case, even though it used a statute involving involving, it did a categorical analysis. And to me, that is very good authority for my view that we should be looking at the categorical analysis, in part because Congress has told you that it's going to be crystal clear when it wants to remove the statute of limitations or to extend the statute of limitations. And it has since done that by expressly pointing to the statute by chapter number. So nothing is more crystal clear than that. But as we all agree, that came too late for this particular prosecution because of – Why isn't this just a simple – I mean, I just think of it as the Mann Act says involves sexual abuse. Sexual abuse of a child involves sexual abuse. I mean, why isn't it just a straightforward textual analysis, and thus you get the 3283 statute of limitations? Well, I guess first, because there's no child that's required for 32 – I mean, for this version of the Mann Act, 2423, which I don't entirely understand why the government didn't charge that statute, has minor as an element. And so if you're just looking at – Why do they have to? Because this one involves sexual abuse, and there's plenty of places throughout the code where certain crimes get a longer statute of limitations than the standard five years. Here, I just think of it as here's the provision, here's kind of an exception. The exception says they get the extended statute. Why doesn't that apply? Why isn't it just straightforward? Well, I guess first, Judge, this statute doesn't actually involve sexual abuse, right? The crime is the transportation, and if no sex ever happens, you are still guilty. If you cross the state line and you change your mind, you are still guilty. So it's not like – For the purpose of or whatever the language is, but what is the language specifically? For the purpose of a sexual conduct for which any person could be charged is, I think, how the language reads. Yeah, that's right. So with the intent that the transport individual engage in any criminal sexual activity. Correct. But no actual sex is required for conviction under the statute. So the crime is transportation. Right. And the indictment, 3283, extends the statute for any offenses involving the sexual or physical abuse or kidnapping of a child. Right. And so there is no actual sexual abuse under the elements of the statute. if we were to apply a categorical approach type approach that sexual abuse is narrower than involving – or whatever it is, I'm butchering the language again. The transportation with the intent is narrower than the broader committing of sexual abuse. Correct. Because for this statute, no physical touching is ever required to be guilty of the statute. Now, as noted in the brief, because Congress has since changed the statute, I mean, this argument really probably only applies to Mr. Deakins. I don't know how many other folks are sort of 20 years after the fact. But, yes, my argument is, one, that involving means an elements-based analysis, and then, two, that a sexual abuse involving a child must actually involve sexual abuse and not just the transportation. Well, how do you deal with the fact that in the more recent statutes Congress has said – used the word that has an element in it when it wanted to have a categorical analysis? And here you don't have that. Well, Judge, what I would say is Congress has created an express rule of lenity here. So it has told you that we're going to be crystal clear. And I think that the way to resolve it is unless you think that my argument is sort of unreasonable on its face, that there's no possible way that Congress could have meant that, then I win because the default is unless we are crystal clear, then he gets the benefit of the doubt. And so that's what Congress has told you to do. It has since become absolutely crystal clear that they do not accept my argument because they now reference it by statute number or by chapter. And so that's what – The other problem is, like, the categorical approach often involves sentencing. It involves fairness at sentencing. It involves a right to a jury. It involves past convictions. Here you have all those things. You have a right to a jury. You have – there's no sentencing involved. It's actually the trial. So, I mean, why would it apply here? Where does it apply in a – whether a particular crime fits a statute of limitations? Well, so as the Supreme Court said in Mannion, we're supposed to liberally construe statutes of limitations in favor of repose to avoid someone having to go to a trial and potentially be held in jail pending trial. Right? And so what the government wants to do is to say, oh, well, you can look at the indictment. But again, because they don't say that they have to put any facts in the indictment, then you actually have to go to trial to figure out what happened. And so the whole point of a statute of limitations is I should never have to face a trial. You've got to go to trial to figure out whether you do have to face it or not. And I think that's putting – it's exactly backwards. And so that's my argument on that, Your Honor. And if I can just jump to the two strikes provision just so I can make sure that I get there. You know, there we have, you know, in the same section, 3550 – I'm sorry, 2251E, Congress uses child and minor in two different sentences in the same section. And I think what the government wants to say is, well, Congress doesn't actually choose its words with care. But, you know, as a textualist, I think that we have to presume that Congress meant exactly – that it had a reason. And as I note in the briefs, there's not a consensus that sex with a 17-year-old is wrong in the same way that sex with a 13-year-old is. And that could be very well the reason why Congress, as part of the legislative process, you've got to be relating to or whatever that language is in such that there's a substantial overlap. I don't – I follow you, Your Honor. You're talking about the Tennessee statutory rape, right? Well, all of his crimes can be committed according to the elements. Right, and so it's whether it relates to the sexual exploitation of children, right? And you're saying 17-year-olds, what, aren't children? That all children are minors, but not all minors are children. All children are – okay, but doesn't the Tennessee offense substantially overlap with the federal rules? Well, Your Honor, as I note, minor is defined by the statute to be a person less than 18. So Congress has told us exactly what minor means. For the Tennessee statutory rape at the time that Mr. Deakins was committed, it was 13 to 18. So that was the range. And that's different than in Sykes, for example, which the government pointed out there. In Sykes, it was 13 to 15. So again, I'm talking about it is categorically possible for a conviction for a 16-year-old or a 17-year-old. And that is different than less than 16. Right, but it says substantially overlap, right? Quarles talks about it has to substantially overlap. Why isn't that sufficient? Well, Your Honor, this is an element of the offense, right? And so normally we would have a jury, and so for the same – and I see my time has expired, if I can answer. And so for all the same reasons, like, for example, with the residual clause under the ACCA that we didn't get into all of that, that we have clear lines because the Sixth Amendment says that the sentencing range is an element of the offense. And so we've got to know as a matter of law, is it or is it not? Any further questions? Okay, thank you. Thank you, Your Honor. Good morning. May it please the Court. My name is Luke McLaurin, and I'm here on behalf of the United States. Mr. Deakins' convictions and sentence should be affirmed because the indictment in this case was timely and sufficient. The evidence at trial proved each offense beyond a reasonable doubt. And the enhanced sentence was required by Mr. Deakins' prior statutory rape and child exploitation convictions. I know there are many complex and novel issues of statutory interpretation in this case. I'm happy to discuss any of them, but I'd like to focus my time today on discussing the statute of limitations and briefly addressing the two-strikes enhancement that counsel discussed. Starting with the statute of limitations, I think you're absolutely right, Judge Lepar. This is a pretty straightforward textual application to the facts here. 3283 says that it applies to any offense involving sexual or physical abuse of a child under the age of 18. And that is precisely what Count 1 involved in this case. We also have a statutory definition of sexual abuse. What about the argument that the 2421 involves something less, and so you didn't have to actually prove sexual abuse of a child such that you would be entitled to the lengthier statute of limitations? That's the simplified way of their argument. And I think that argument presumes that you apply a categorical approach in interpreting the statute and applying the statute. Does it? Or does it? I mean, maybe. But maybe you're just saying, look, in order for you to get the extended statute of limitations, you have to show there was sexual abuse of the child. And the crime you charge does not necessitate that you show there was sexual abuse of the child. In other words, here's the qualifier. I'm partially making this up. The qualifier, if you government want the extended statute of limitations, you have to show sexual abuse of a minor. The actual crime you charge does not involve that proof. So why should you get the benefit of the elongated statute of limitations? In other words, think of it like you took someone across state lines to assault them. And then the statute of limitations, you get five years to charge that. Statute of limitations says if you commit murder, you get 20 years. Are you saying you could use that murder because they took someone across and assaulted them? Well, no. Our position is that you do a fact-specific analysis, but the fact-specific analysis looks at the factual means by which the elements of the offense were committed. So it's essentially, I mean, you're still focused on the offense that they committed. You're not allowed to look at things that are extraneous to the offense that they committed. But unlike the categorical approach, you actually get to look at the factual, the specific factual way in which the offense was committed. So in other words, if to prove the assault element of the crime, you in fact proved a murder at trial, then you would get the benefit because the way he assaulted was to murder, but you charged something less because he's a cooperator for some other reason.  But you proved the murder beyond a reasonable doubt. That's how you showed the assault. Exactly. And I don't think there's any dispute in this case that the victim on count one was a minor at the time. Why didn't you charge 24-23 then? That is an excellent question, Your Honor. And unfortunately, there's just not any information in the record. I don't know why that charge wasn't chosen. Frankly, it would have been a better charge and more appropriate charge fitting the facts here. It's possible, I would note for the court, that that charge does carry a higher statutory penalty. Which one, 24-23? 24-23 does. Why wouldn't, I mean, we used to have to charge the most readily provable offense. Again, Your Honor, the information about why that charge was not chosen is not in the record. So I can't answer that question, but I certainly agree that would have been a better charge. I thought the U.S. Attorney's Office amended that policy during the last administration. Is that not correct? They did. They did, yeah. There have been many changes in prosecutorial policies over the last several years. Can I ask you also on this topic about Novick? I mean, that's their Supreme Court case from 1926, and I'm wondering what you have to say about it. Well, I think that— How would you deal with that case? I distinguish Novick in one important way, and I think it's an important way when you look at the Supreme Court's categorical approach to jurisprudence. It's that Novick involved a statute of limitations that referred to a specifically well-understood crime, fraud. And that's really what I think Novick was turning on. If you look at the Court's opinion, the Court said, look, there are specific fraud statutes, and you didn't charge them with a specific fraud statute. Here, what we're dealing with is a statute that refers to sexual abuse or physical abuse. Those are not traditionally defined crimes. They are types of conduct that can encompass many different crimes. Blackstone talked about them. Koch talked about them. Well, I think the whole point is that sexual abuse and physical abuse encompass many different crimes. They're not just one crime. There's not just a crime of sexual abuse. There's many different offenses that fall under that category. I think the best way we see that is when we look at the statute. Sexual abuse of a minor? It can encompass many different crimes. We know that from the definition statute. Fraud can encompass many different ways of committing fraud. I mean, you're just saying there's different ways of committing the ultimate crime. Well, I think there are specifically defined fraud offenses against the United States. There are specific statutes that address that. What Congress wanted to get at here is there are several different federal statutes that address sexual and physical abuse of minors. They wanted to encompass any of the statutes that would apply to that conduct. They weren't trying to say involving only a specific defined offense, a traditionally understood defined offense. They wanted a broad category that encompasses lots of different conducts. The reason for that is because this statute was, unlike the exception in Novick, this one Congress intended to be very broad. The congressional purpose here was to reach as wide as possible because Congress wanted to capture offenses against children. They wanted broad language. I think the text itself points us to a broad application because it doesn't use a traditionally defined offense. The Supreme Court has said, in Eowon particularly, that when you don't have traditionally defined crimes, that's a great place not to use the categorical approach. That signals a congressional intent to look more broadly at the actual conducts so that you can reach as many crimes as possible. That's how I think it would be the best way to distinguish Novick. I agree, Judge Larson, Novick is somewhat problematic. But it's not really any more problematic than the rest of the Supreme Court's jurisprudence that says the word involving by itself doesn't get you there. Because involving can point to either a circumstance-specific or a categorical approach. That's what Eowon says. But the point is it can point. It doesn't just point to a categorical approach. It is consistent with a circumstance-specific approach. And so you have to look at what is the thing that it's supposed to involve. Here it's supposed to involve something that is meant to be read broadly. That's a term that Congress itself defined broadly. Congress defined sexual abuse in 3509A8 as a very broad term. It includes essentially enticement of a child to engage in sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children. That is a very broad definition. And contrary to what my friend on the other side has said, it doesn't just apply to situations involving actual sexual activity with children. It implies to enticement of a child to engage in sexual activity. The enticement, as this Court knows from many other cases, that can happen without any sexual activity even occurring, just like transportation can happen without sexual activity even occurring. This is a form of sexual exploitation in the same way that enticing a child to engage in sexually explicit conduct is a form of sexual exploitation. Congress defined sexual abuse broadly, and it wanted it to apply broadly so it would encompass offenses exactly like the one charged in Count 1, where Mr. Deakins took a minor across state lines with the intent to sexually abuse him, and then he followed through on that intent by actually sexually abusing Cece. So his crime is the exact kind of crime that was meant to fall under the statute of limitations. And another reason I would urge the Court not to apply the categorical approach here is for those reasons that you were mentioning earlier, Judge Lepar and Judge Bush. This is not like the other situations where the categorical approach applies. I think the Court knows there are many problems with the categorical approach. They've been well documented, in many opinions, by different judges across the country. But the Court is stuck with the categorical approach in some contexts, largely because of Sixth Amendment concerns or practical concerns. None of those concerns apply here. There is no Sixth Amendment concern with using a fact-specific approach in assessing a statute of limitations. Courts have to consider facts with regard to statute of limitations all the time. This comes up frequently where you have, say, conspiracies, and you have to look at, well, how long was the conspiracy going on? What was the object of the conspiracy? Did it fall within the five-year period? These fact issues, they're part and parcel of statute of limitations issues that have to be addressed. So this would add nothing new to the mix. It wouldn't create any practical problems, and it doesn't rein in any Sixth Amendment concerns. Judge Larson, I see you have a question. I'd like to ask you a question about the 2251 charge, which is the creation of the visual depictions, sexual exploitation through the creation of visual depictions. And the case law just is kind of a mess about what the purpose element requires. We haven't said much. We've just said it has to be more than a purpose. The Fourth Circuit seems to say significant purpose. Other courts have said dominant purpose. I mean, maybe you're going to say, well, it doesn't matter. We can win under any of those formulations. But what's your view of the best read of that statute? If the court views itself as being able to write on a blank slate here, I would say the best interpretation is not to use the word purpose at all. And that is because the statute has been amended since all of this jurisprudence involving purpose originally came about. The language of the statute now doesn't use the word purpose. The language of the statute now — That's intent. Oh, I'm sorry. No. I was talking about — The visual depiction. We're still on purpose. Oh, the visual. Yes, I'm sorry. I thought we were talking about the Mann Act there for a second. They do get confusing. I think for the purpose of — I think the case law that was discussed in the briefs about the dominant purpose and stuff, that was all in the context of the Mann Act. But the — Right, but we still have, like, the Fourth Circuit opinion, like Callister or something like that from Judge Wilkinson, where he says that the creation of the visual depiction must be a significant purpose, not incidental to it. Other courts, like the Eighth Circuit, have said it has to be one of the dominant motives. I don't think the court — It all sounds like Mortensen, like the one we were just talking about, the intent, that now says intent, but — Well, this court hasn't weighed in. Right. I don't think this court should add extra adverbs that are not in the statute. Okay. The statute says for the purpose. Yeah, but does that mean all purpose is a singular purpose or a purpose? I think it means at least one purpose because — but I don't think it has to be the only purpose. I think it's well understood in many of these child offense contexts that individuals often have multiple purposes for doing what they're doing. Somebody who is a pedophile, he obviously wants to engage in the sexual activity with the children. We know that Mr. Deakins also wanted to record videos of that because he was himself an avid consumer of child pornography. He liked to watch his own videos that he had made before. He actually — the testimony from trial showed that he showed child pornography videos to B.A. and asked B.A. to perform the acts that were depicted in those videos. So I think under any standard, we would win, but I would urge the court not to add extra text to a statute. That's not this court's job. That's Congress's job. And the statute simply says for the purpose. That can mean just — as long as it's one of the purposes that motivated the defendant in doing what he was doing, even if he had other purposes, I think that that is sufficient. And that's the way we normally interpret language. We don't — But is it enough if you just — if at trial you can produce a video where you can show that a video was made, so can you just infer from that that the exploitation was for the purpose of making a video? I mean, maybe, but — You might, but I don't think the court has to reach such a broad holding in this case, because here we have evidence that not only did he make these videos, he kept these videos for years. We have evidence — Right. So basically, under any standard, the government wins is your argument. Yes, in this particular case. But again, I would urge the court not to add extra adverbs to the statute. We don't think that's this court's job. That's Congress's job. The statute just says for the purpose. We think as long as one of his purposes is to produce child pornography, that's sufficient. That's what Congress, we think, intended. That's what the language requires. That's what we would ask the court to do. I see I'm almost out of time. I'm happy to address any other issues that the court wants to talk about. Anything else? Thank you, counsel. Thank you, Your Honors. All right, just a few follow-ups to what we heard. I guess going into the statute of limitations issue, again, we've got the categorical versus the as-applied. If, I guess going to your murder hypo, if you want to kind of split the baby, if you did an as-applied while the crime is going on, that might have some purchase. But here, any sex that happened from the record is entirely unclear, but it appears to be months after the crime was complete, which is the transportation across the state lines. So it might be one thing to say, well, somebody was in a van, and the defendant was having sex with a minor in the back as going across state lines. Maybe that's a different case. But here, the crime is the transportation. If any sex occurred, it is irrelevant to the actual crime itself that was charged, and it could be months or even years after the fact or never happened. So, again, I would say the categorical approach makes sense. Because the Supreme Court has told us we're supposed to look at it liberally in favor of repose, what the government is proposing is not liberally in the favor of repose. It is liberal in the favor of prosecution. And that's not what the Supreme Court has told us, and that's not what Congress has told us. And I guess briefly just going to your issue with the purpose here, right, I do agree that it's a bit of a mess. I mean, here it's a bit unusual because this comes to you from a bench trial. So normally we would have hashed out all of these fights as we were doing jury instructions. Obviously, that's not what happened here. I don't think that it really is consistent with the language of the purpose, which is what Congress used, right, to say that, well, even if everything else would have happened anyway, right, you still have the sexual abuse, that doesn't seem to me to be the purpose. And so, again, I've given you the hypo in the brief about the baseball game, right? You come here for oral argument, but you bought a ticket for the Reds game. You're coming to court for oral argument, and the Reds game is an incidental purpose of traveling. You still would have come here regardless as to whether the baseball game happened or didn't happen because you had to be here. And so I think the dominant purpose in the same sort of logic as proximate causation. So the only people who can be convicted under the statute are people who just make child porn and don't actually have sex with the children. So I'm not saying that it has to be a singular purpose, right? It just can't be incidental, right? And so, like, that's really the test that we would ask the jury to sort of fight about in the jury room, right? But I think you have to tell them, I mean, you have 12 civilians who have got to figure out what these words mean. I think the judge has to tell them something. And so the test that I think makes sense is the one that says it's dominant or it's incidental. So incidental might be like you have one – you've snapped one photo, but this guy has a lot of stuff cataloged on his laptop, right? That was – I mean, why couldn't a reasonable jury infer that at least a dominant purpose was to make these photos? He's also using props and lipstick and stuff like that. Well, Judge, I mean, again, it's a question of if a reasonable jury could infer it, right? But that's not the test that the district court applied. And so I think about it that it came up on a wrong jury instruction, right, where the jury applied the wrong test. Well, we have to send it back. And so here the district court told you that he was not applying the incidental purpose test. And so if you think that that is a valid test, we've got to send it back because the district court applied the wrong test. And so we would have a new trial with the jury to sort of figure out all of those items. And then the only other thing that I would say is just with the issue about what material means. You know, if the government is right in its argument, basically what the government is saying is that Congress stutters. And I don't think that you can say that Congress didn't mean each word to mean something different. And because Congress gave you several words, we need to give a meaning to each one. And so just like they can't indict you for possessing a book and convict you for possessing a film, having charged material, it has to be something other than the other items that the grand jury could have charged but didn't. So I would ask you to reverse the convictions below. OK. Thank you. Thank you, Your Honor.